# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVERN BERRYHILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 14-159-FHS-SPS ) |
| LINDA EPPERLEY, et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, continues to file frivolous lawsuits in this court. This action was filed pursuant to 28 U.S.C. § 1331, but the court construed it as a civil rights action under 42 U.S.C. § 1983.

The defendants in this case are: Assistant U.S. Attorney for the Eastern District of Oklahoma Linda Epperley, The Seymour Law Firm; Attorney R. Thomas Seymour; Attorney Rozia McKinney-Foster, Attorney Kerry Ann Kelly, Oklahoma Attorney General Scott Pruitt, and Oklahoma County District Judge Bryan C. Dixon. It is difficult to ascertain how each defendant allegedly denied plaintiff's constitutional rights, but Defendants Kelly, McKinney-Foster, and Seymour apparently were involved in plaintiff's state criminal proceedings.

As an initial matter, plaintiff has filed a motion for leave to proceed *in forma pauperis* (Docket No. 2). The record, however, shows he has accrued more than three "strikes" under 28 U.S.C. § 1915(g). *See Berryhill v. Pruitt*, No. CIV-14-129-RAW-SPS (April 10, 2014) (Docket No. 4-1) (citing *Berryhill v. Evans*, No. CIV-10-126-RAW-SPS (E.D. Okla. June 14, 2010); *Berryhill v. Seay*, No. CIV-10-151-JHP (E.D. Okla. May 10, 2010); *Berryhill v. White*, No. CIV-10-176-JHP (E.D. Okla. June 7, 2010); and *Berryhill v. Payne*, No. CIV-10-188-JHP (E.D. Okla. June 15, 2010)). The court finds plaintiff has made no showing that he is in imminent danger of serious physical harm, pursuant to 28 U.S.C. § 1915(g).

Therefore, his motion for leave to proceed *in forma pauperis* is denied.

Although the filing fee has not been paid, the court is empowered to dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("[Section] 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee.")

Plaintiff is complaining, among other things, that all the defendants "are acting in conspiracy to kidnap [him] and to maintain & conceal [his] kidnap in deprivation of [his] 6th, 13th, & 14th Amends [sic]." (Docket No. 1 at 1). This is a recurring theme in his lawsuits. *See e.g., Berryhill v. Henry*, No. CIV-10-091-FHS-SPS (E.D. Okla. July 13, 2010); No. CIV-14-111-JHP-SPS (E.D. Okla. May 13, 2014); and *Berryhill v. Pruitt*, No. CIV-14-129-RAW-SPS (E.D. Okla. May 13, 2014). He requests five million dollars in damages from each defendant for each alleged constitutional violation.

Plaintiff further claims his 1990 blind plea was coerced and fraudulent, because of the alleged conspiracy among the defendants. He was permitted to withdraw his plea and the judge recused, but plaintiff's *pro se* motions for new counsel were not granted. He asserts he, therefore, was forced to proceed to trial *pro se*. He also alleges his direct appeal was delayed, and he never was granted an appeal out of time, even though he was a plaintiff in *Harris v. Champion*, 15 F.3d 1538 (10th Cir. 1994).

Plaintiff next complains that in or around 1998-2003, Forensic Chemist Joyce Gilchrist claimed she was singled out for persecution, because she is a black female. Plaintiff alleges he wrote letters to Defendant Foster and to U.S. District Judge Vicki Miles-LaGrange in the Western District of Oklahoma, asking them to help him and Ms. Gilchrist in exposing the fabrication of evidence by the Oklahoma and federal systems. According to plaintiff, Defendants Foster, Epperley, Kelly, and Foster were offered jobs in "the system," where they could exploit their positions to maintain plaintiff's kidnaping.

To the extent plaintiff again is challenging his conviction in Oklahoma County District Court Case No. CF-1990-1614 for Larceny of Merchandise from a Retailer, After Former Conviction of Two Felonies, he has filed numerous, previous petitions concerning this case. *See e.g., Berryhill v. Trammell*, No. CIV-13-407-RAW-KEW, slip op. at 2 (E.D. Okla. Nov. 19, 2013) (holding that another § 2254 challenge to Mr. Berryhill's convictions would be successive and would require permission from the Tenth Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3), and the claims would be time-barred); *Berryhill v. Evans*, 466 F.3d 934, 936 (10th Cir. 2006), *cert. denied*, 549 U.S. 1256 (2007) (holding that Mr. Berryhill's fourth federal habeas petition seeking relief from his state court larceny convictions required prefiling authorization and imposing sanctions on future collateral attacks on the 1990 larceny convictions ).[1]

To the extent plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can

---

[1] Mr. Berryhill's sentence in Oklahoma County District Court Case No. 1990-1250 for Larceny of Merchandise from a Retailer, After Former Conviction of Two Felonies, was discharged in 2004. *See* http://www.ok.gov/doc.

3

demonstrate that the conviction or sentence has already been invalidated." *Id*. Because plaintiff has not presented evidence that his conviction or sentence has been so invalidated, the court finds his claim for damages is not cognizable under § 1983.

Furthermore, although the complaint is difficult to understand, some of the defendants clearly have absolute immunity. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In addition, a prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993).

Court-appointed lawyers usually are not considered state actors for section 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Public defenders, however, are not immune from liability with regard to alleged conspiratorial action with state officials to deprive a criminal defendant of his federal constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920-21 (1984). In this instance, plaintiff clearly has not proven the existence of such a conspiracy.

**ACCORDINGLY,** plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is DENIED, and this action is, in all respects, DISMISSED as frivolous and malicious, pursuant to 28 U.S.C. § 1915A(B)(1). This dismissal shall count as another STRIKE for plaintiff, pursuant to 28 U.S.C. § 1915(g).

ENTERED this 22nd day of May, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma